1  JAMES W. GERIAK (STATE BAR NO. 32871)
   jgeriak@orrick.com
2  ALLAN W. JANSEN (STATE BAR NO. 81992)
   ajansen@orrick.com
3  MARK STIRRAT (STATE BAR NO. 229448)
   mstirrat@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
5  Irvine, CA  92614-2558
   Telephone:    (949) 567-6700
6  Facsimile:    (949) 567-6710

7  Attorneys for Defendant
   NEW STAR LASERS, INC. d/b/a COOLTOUCH, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  VNUS MEDICAL TECHNOLOGIES, INC.,          Case No.  C08-03129-JCS

14            Plaintiff,                       **NEW STAR LASERS, INC.'S D/B/A
                                               COOLTOUCH, INC. ANSWER TO
15       v.                                    FIRST AMENDED COMPLAINT
                                               FOR PATENT INFRINGEMENT AND
16                                             COUNTERCLAIMS**

17  BIOLITEC, INC., DORNIER MEDTECH
    AMERICA, INC., and NEW STAR LASERS,       **DEMAND FOR JURY TRIAL**
18  INC. d/b/a COOLTOUCH, INC., DAVID S.
    CENTANNI, and TYRELL L. SCHIEK.            Complaint Filed:  July 10, 2008
19
            Defendants.
20
    NEW STAR LASERS, INC. d/b/a
21  COOLTOUCH, INC.,

22            Counterclaimant,

23       v.

24  VNUS MEDICAL TECHNOLOGIES, INC.,

25            Counterdefendant.

26

27

28

Defendant, New Star Lasers, Inc. d/b/a CoolTouch, Inc., ("CoolTouch"), by counsel, alleges as follows in answer and as counterclaims in response to the First Amended Complaint ("Complaint") filed by VNUS Medical Technologies, Inc. ("VNUS"):

**JURISDICTION AND VENUE**

1.      CoolTouch admits the allegations of paragraph 1 of the Complaint.

2.      CoolTouch admits the allegations of paragraph 2 of the Complaint.

3.      CoolTouch admits the allegations of paragraph 3 of the Complaint only inso far as those allegations concern CoolTouch.  As to the allegations with regard to the remaining defendants, CoolTouch is without information or belief sufficient to respond to such allegations and therefore denies the remaining allegations.

4.      Insofar as the allegations of paragraph 4 of the Complaint are directed to CoolTouch, CoolTouch admits those allegations but, on information and belief, denies those allegations with regard to the remaining defendants.

5.      CoolTouch admits the allegation of paragraph 5 of the Complaint.

6.      CoolTouch is without sufficient information and belief to answer the allegations of paragraph 6 of the Complaint.

7.      CoolTouch is without sufficient information and belief to answer the allegations of paragraph 7 of the Complaint.

8.      CoolTouch is without sufficient information and belief to answer the allegations of paragraph 8 of the Complaint.

9.      CoolTouch is without sufficient information and belief to answer the allegations of paragraph 9 of the Complaint.

10.     CoolTouch is without sufficient information and belief to answer the allegations of paragraph 10 of the Complaint.

11.     CoolTouch is without sufficient information and belief to answer the allegations of paragraph 10 of the Complaint.

1

**THE PATENTS**

2      12.     CoolTouch is without sufficient information and belief to answer the allegations of

3   paragraph 12 of the Complaint and therefore denies those allegations.

4      13.     CoolTouch is without sufficient information and belief to answer the allegations of

5   paragraph 13 of the Complaint and therefore denies those allegations.

6      14.     CoolTouch is without sufficient information and belief to answer the allegations of

7   paragraph 14 of the Complaint and therefore denies those allegations.

8      15.     CoolTouch is without sufficient information and belief to answer the allegations of

9   paragraph 15 of the Complaint and therefore denies those allegations.

10     16.     CoolTouch is without sufficient information and belief to answer the allegations of

11  paragraph 16 of the Complaint and therefore denies those allegations.

12     17.     CoolTouch denies the allegations of paragraph 17 of the Complaint .

13     18.     CoolTouch denies the allegations of paragraph 18 of the Complaint .

14

**AFFIRMATIVE DEFENSES**

15     CoolTouch asserts the following affirmative and other defenses and reserves the right to

16  amend its Answer as additional information becomes available.

17

**FIRST AFFIRMATIVE DEFENSE**

18     19.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

19

**SECOND AFFIRMATIVE DEFENSE**

20     20.     CoolTouch has not and is not infringing the 6,752,803 ("'803 patent"); 6,769,433

21  ("'433 patent"); 6,258,048 ("'048 patent"); and 7,396,355 ("'355 patent") patents.

22

**THIRD AFFIRMATIVE DEFENSE**

23     21.     On information and belief, the '803, '433, '048 and '355 patents are invalid for

24  failing to comply with one or more requirements of the patent laws of the United States,

25  including, but not limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102,

26  103 and 112.

27

28

**FOURTH AFFIRMATIVE DEFENSE**

22.     Plaintiff is estopped by representations or actions taken during the prosecution of the '803, '433, '048 and '355 patents which limits the scope of the claims of those patents under the doctrine of prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

23.     On information and belief, Plaintiff's claim for damages, if any, is limited by 35 U.S.C. § 287.

**COUNTERCLAIMS**

**Parties**

1.     Counterclaimant CoolTouch ("CoolTouch") is a corporation organized and existing under the laws of California and having a principal place of business at 9085 Foothills Blvd., Roseville, CA  95747.

2.     Counterdefendant VNUS alleges that it is a Delaware corporation and having its principal place of business at 5799 Fontanoso Way, San Jose, CA  95138.  VNUS alleges that it is the owner of all rights in the patents asserted by VNUS in this action.

**FACTUAL BACKGROUND**

3.     CoolTouch incorporates by reference the allegations of paragraphs 1 and 2 of these counterclaims as though fully set forth herein.

4.     By its Complaint, Counterdefendant VNUS ("VNUS") has alleged that it is the owner of U.S. Patent Nos. 6,752,803, ("'803 patent"); 6,769,433 ("'433 patent"); 6,258,048 ("'048 patent"); and 7,396,355 ("'355 patent"), that the '803, '433, '048 and '355 patents are valid and enforceable, and that CoolTouch has infringed the '803, '433, '048 and '355 patents by making, offering for sale, selling, and using certain products.  CoolTouch denies that any of its products infringes or has infringed any claim of the '803, '433, '048 and '355 patents directly, indirectly, contributorily, or otherwise and contends that the '803, '433, '048 and '355 patents are invalid for failure to comply with the patent laws of the United States, including, without limitation, the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.  A justiciable controversy therefore exists between VNUS and CoolTouch and this Court has jurisdiction under 28 U.S.C.

1 | §§ 1331, 1338(a) and 2201.

## FIRST COUNTERCLAIM

3 |     5.    CoolTouch incorporates by reference the allegations of paragraphs 1-4 of these as
4 | though fully set forth herein.

5 |     6.    CoolTouch has not infringed and is not infringing any valid and enforceable
6 | claims of the '803, '433, '048 and '355 patents.

7 |     7.    A judicial declaration is necessary and appropriate at this time so that CoolTouch
8 | may ascertain its rights and duties with respect to the manufacture and sale of its products that
9 | VNUS alleges infringe the '803, '433, '048 and '355 patents.

## SECOND COUNTERCLAIM

11 |     8.    CoolTouch incorporates by reference the allegations of paragraphs 1-7 of these
12 | counterclaims as though fully set forth herein.

13 |     9.    The claims of the '803, '433, '048 and '355 patents are invalid for failing to
14 | comply with one or more requirements of the patent laws of the United States, including, but not
15 | limited to, the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

16 |     10.    A judicial declaration is necessary and appropriate at this time so that CoolTouch
17 | may ascertain its rights and duties with respect to the manufacture and sale of its products that
18 | VNUS alleges infringe the '803, '433, '048 and '355 patents.

## EXCEPTIONAL CASE

20 |     11.    This is an exceptional case entitling CoolTouch to an award of its attorneys' fees
21 | and expenses incurred in connection with defending and prosecuting this action pursuant to 35
22 | U.S.C. § 285.

## PRAYER FOR RELIEF

24 |     WHEREFORE, CoolTouch prays for judgment as follows:

25 | A.    VNUS take nothing from its complaint;

26 | B.    VNUS' Complaint be dismissed with prejudice;

27 | C.    A declaratory judgment that CoolTouch has not infringed and does not infringe,
28 | directly or indirectly, any claims of the '803, '433, '048 and '355 patents, either literally or under

1   the doctrine of equivalents, willfully or otherwise;

2       D.      A declaratory judgment be entered adjudging that the '803, '433, '048 and '355

3   patents are invalid;

4       E.      A declaration that VNUS' claims are limited and/or barred in whole or in part by

5   the provisions of 35 U.S.C. § 287;

6       F.      A denial of VNUS' request for damages and injunctive relief;

7       G.      A declaratory judgment that this case is exceptional pursuant to 35 U.S.C. § 285,

8   granting an award of costs and reasonable attorney fees incurred in connection with this action;

9   and

10      H.      The grant to CoolTouch of any further equitable or legal relief as the Court deems

11  just and proper.

12

13  Dated: August 6, 2008                          Respectfully submitted,

14                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

15

16                                                 By      /James W. Geriak
                                                        JAMES W. GERIAK
17                                                      ALLAN W. JANSEN
                                                        MARK STIRRAT
18                                                     Attorneys for Defendant
                                                       NEW STAR LASERS, INC.
19                                                     d/b/a COOLTOUCH, INC.

20

21

22

23

24

25

26

27

28

OHS West:260484622.1                    - 6 -                    ANSWER TO FIRST AMENDED COMPLAINT
                                                                 CASE NO. C 08-03129-JCS

1

<u>**CERTIFICATE OF ELECTRONIC SERVICE**</u>

2

I hereby certify that on August 6, 2008, I electronically filed the foregoing document with

3

the Clerk of the Court using the CM/ECF system, which will send electronic notification of such

4

filing to the following individual(s):

5

Matthew B. Lehr
Diem-Suong T. Nguyen

6

Chung G. Suh
DAVIS POLK & WARDWELL

7

1600 El Camino Real
Menlo Park, CA 94025

8

Telephone:   (650) 752-2000
Facsimile:    (650) 752-2111

9

Email:  matthew.lehr@dpw.com
          suong.nguyen@dpw.com

10

          gemma.suh@dpw.com

11

12

I declare under penalty of perjury under the laws of the State of California

13

that the foregoing is true and correct.

14

Executed on August 6, 2008, at Irvine, California.

15

16

s/James W. Geriak
James W. Geriak

17

18

19

20

21

22

23

24

25

26

27

28