IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VNUS MEDICAL TECHNOLOGIES, INC. | No. C-08-3129 MMC |
| Plaintiff | **ORDER CONSTRUING CLAIMS** |
| v. | |
| BIOLITEC, INC., et al., | |
| Defendants / | |

Before the Court is the parties' dispute regarding the proper construction of ten terms in five patents, specifically, U.S. Patent 6,258,084 ("'084 Patent"), U.S. Patent 6,752,803 ("'803 Patent"), U.S. Patent 6,769,433 ("'433 Patent"), U.S. Patent 7,396,355 ("'355 Patent"), and U.S. Patent 7,406,970 ("'970 Patent"). Plaintiff Vnus Medical Technologies ("Vnus"), defendant biolitec, Inc. ("biolitec"), defendant Dornier Medtech America, Inc. ("Dornier"), defendant New Star Lasers, Inc., d/b/a CoolTouch, Inc. ("CoolTouch"), and defendant Total Vein Solutions, LLC ("TVS") have submitted briefs and evidence in support of their respective positions on the disputed terms. The matter came on regularly for hearing on September 14, 2009. Matthew B. Lehr and Suong T. Nguyen of Davis, Polk & Wardwell appeared on behalf of Vnus. Howard A. Slavitt of Coblentz, Patch, Duffy & Bass, LLP, and Michael N. Rader and Charles T. Steenburg of Wolf, Greenberg & Sacks, P.C., appeared on behalf of biolitec. A. Shane Nichols of King & Spaulding LLP

1 appeared on behalf of Dornier.  James W. Geriak of Orrick, Herrington & Sutcliffe LLP
2 appeared on behalf of CoolTouch.  John Karl Buche of Buche & Associates, P.C.,
3 appeared on behalf of TVS.

Having considered the papers submitted and the arguments of counsel, the Court rules as follows.

**1. a. "A Catheter Having A Working End" (Claim 1, '803 Patent; Claim 1, '433 Patent)**

Vnus argues "a catheter having a working end" should be construed as "a tubular, flexible, surgical instrument, including, but not limited to, a sheath, having an end directed toward the treatment site in the patient." Defendants argue "a catheter having a working end" should be construed as "a hollow instrument with an expandable electrode energy application device."[1]

The Court, for the reasons stated by Vnus, finds "a catheter having a working end" is properly construed as "a tubular, flexible, surgical instrument, including, but not limited to, a sheath, having an end directed toward the treatment site in the patient."

**1. b. "A Catheter Having A Working End With An Energy Application Device At The Working End" (Claims 1 and 18, '084 Patent)**

Vnus argues "a catheter having a working end with an energy application device at the working end" should be construed as "a tubular, flexible, surgical instrument, including, but not limited to, a sheath, having an end directed toward the treatment site in the patient, with a device at that end for delivering energy, such energy including, but not limited to, RF energy, microwaves, ultrasound, direct current, circulating heated fluid, radiant light, laser, and thermal energy." Defendants argue "a catheter having a working end with an energy application device at the working end" should be construed as "a hollow instrument with an expandable electrode energy application device."

The Court, for the reasons stated by Vnus, finds "a catheter having a working end

---

[1] Unless otherwise indicated, the parties' respective constructions as set forth herein are taken from the Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement, filed May 1, 2009.

1 with an energy application device at the working end" is properly construed as "a tubular,
2 flexible, surgical instrument, including, but not limited to, a sheath, having an end directed
3 toward the treatment site in the patient, with a device at that end for delivering energy, such
4 energy including, but not limited to, RF energy, microwaves, ultrasound, direct current,
5 circulating heated fluid, radiant light, laser, and thermal energy."

**2. "Introducing" (Claims 1 and 18, '084 Patent)**

Vnus argues "introducing" does not require construction. Defendants argue "introducing" should be construed as "inserting simultaneously."

The Court, for the reasons stated by Vnus, finds "introducing" does not require construction.

**3. "Elongate Member" (Claims 1-3, 9, 13, 15, 17 and 20, '970 Patent; Claims 1, 2, 21, and 25 in '355 Patent)**

Vnus argues "elongate member" should be construed as "an instrument having a length greater than its width, including, but not limited to, a catheter or fiber optic." Defendants argue "elongate member" should be construed as "an expandable electrode energy application device."

The Court, for the reasons stated by Vnus, finds "elongate member" is properly construed as "an instrument having a length greater than its width, including, but not limited to, a catheter or fiber optic."

**4. "Applying Energy To" (Claim 1, '803 Patent; Claims 1 and 18, '084 Patent)/ "Applying Energy . . . To" (Claim 1, '433 Patent; Claim 1, '355 Patent; Claims 1 and 15, '970 Patent)**

Vnus argues "applying energy to"/"applying energy . . . to" do not require construction. Defendants argue "applying energy to"/"applying energy . . . to" should be construed as "making direct contact between the energy application device and the vein wall while delivering energy, such that the energy is applied to the vein in the same form in which it emanates from the energy application device."

The Court, for the reasons stated by Vnus, finds "applying energy to"/"applying

3

energy . . . to" have their ordinary meaning and the claims do not require the energy application device to make direct contact with the vein wall while delivering energy, such that the energy being applied is in the same form as the energy emanating from the device.

**5. "Applying Energy . . . Until The Hollow Anatomical Structure Durably Assumes A Smaller Size" (Claim 1, '084 Patent)**

Vnus argues "applying energy . . . until the hollow anatomical structure durably assumes a smaller size" should be construed as "applying energy that is sufficient to cause the hollow anatomical structure to assume and retain a compressed diameter after treatment smaller than pre-treatment." Defendants argue the term "applying energy . . . until the hollow anatomical structure durably assumes a smaller size" should be construed as "continuing to apply energy to the vein/hollow anatomical structure until such time as the vein collapses around the energy application device."

The Court, for the reasons stated by Vnus, finds "applying energy . . . until the hollow anatomical structure durably assumes a smaller size" is properly construed as "applying energy that is sufficient to cause the hollow anatomical structure to assume and retain a compressed diameter after treatment smaller than pre-treatment."

**6. "Applying Energy Such That The Vein Collapses Around The Energy Application Device As It Is Being Moved" (Claim 21, '084 Patent)**

Vnus argues "applying energy such that the vein collapses around the energy application device as it is being moved" does not require construction, with the exception that "the energy application device" should be construed as "a device for delivering energy, such energy including, but not limited to, RF energy, microwaves, ultrasound, direct current, circulating heated fluid, radiant light, laser, and thermal energy." Defendants argue "applying energy such that the vein collapses around the energy application device as it is being moved" should be construed as "continuing to apply energy to the vein/hollow anatomical structure until such time as the vein collapses around the energy application device."

//

1 The Court finds the term "applying energy such that the vein collapses around the
2 energy application device as it is being moved" is properly construed as "applying energy in
3 such a manner that the vein begins collapsing around a device for delivering energy, such
4 energy including, but not limited to, RF energy, microwaves, ultrasound, direct current,
5 circulating heated fluid, radiant light, laser, and thermal energy, during such time as the
6 device is being moved and prior to the device's total removal from the vein."

**7. "Pre-Shaping The Vein" (Claim 1, '433 Patent)**

Vnus argues "pre-shaping the vein" should be construed as "applying compression external to the vein to shape." Defendants argue "pre-shaping the vein" should be construed as "applying compression external to the body to alter the shape of the vein."

The Court, for the reasons stated by Vnus, finds "pre-shaping the vein" is properly construed as "applying compression external to the vein to shape."

**8. "Flattening The Vein" (Claim 1, '970 Patent)**

Vnus argues "flattening the vein" does not require construction. Defendants argue "flattening the vein" should be construed as "applying compression external to the body to alter the shape of the vein."

The Court, for the reasons stated by Vnus finds "flattening the vein" has its ordinary meaning and the claim does not require the compression to be external to the body.

**9. "Moving The Inner Wall Of The Vein" (Claim 15, '970 Patent)**

Vnus argues "moving the inner wall of the vein" does not require construction. Defendants argue "moving the inner wall of the vein" should be construed as "applying compression external to the body to alter the shape of the vein."

The Court, for the reasons stated by Vnus, finds "moving the inner wall of the vein" has its ordinary meaning and the claim does not require the compression to be external to the body.

//
//
//

5

**10. a. "The Method Comprising The Steps Of" (Claims 1 and 2, '084 Patent)**

Vnus argues "the method comprising the steps of" should be construed as the "'injecting a tumescent fluid solution' step need not be performed in the order recited" and "all other steps are performed in the order recited."[2] Defendants argue the term "the method comprising the steps of" should be construed as "the steps of the claims must be performed in the order in which they are listed."

The Court finds "the method comprising the steps of" is properly construed as "the method in which the listed steps of 'introducing a catheter . . .,' 'positioning the working end . . .,' 'injecting a tumescent fluid solution . . .,' and 'applying energy . . .' are performed in the order recited, with the exception that the step of 'injecting a tumescent fluid solution . . .' may be performed either before or after the catheter is introduced into the hollow anatomical structure but before the energy is applied.

**10. b. "The Method Comprising The Steps Of" (Claims 18 and 21, '084 Patent)**

Vnus argues the term "the method comprising the steps of" should be construed[3] as the "'injecting a tumescent fluid solution' step need not be performed in the order recited" and "all other steps are performed in the order recited."[4] Defendants argue the term "the method comprising the steps of" should be construed as "the steps of the claims must be performed in the order in which they are listed."

The Court finds "the method comprising the steps of" is properly construed as "the method in which the listed steps of 'introducing a catheter . . .,' 'injecting a tumescent fluid solution . . .,' 'applying energy . . .,' and 'withdrawing the catheter' are performed in the order recited, with the exception that the step of 'injecting a tumescent fluid solution . . .'

---

[2]To the extent defendants argue Vnus is equitably estopped from asserting such proposed construction, the Court will defer ruling thereon to afford the parties an opportunity to further develop the record.

[3]Vnus's proposed construction is taken from the proposed order submitted to the Court at the September 14, 2009 claim construction hearing.

[4]To the extent defendants argue Vnus is equitably estopped from asserting such proposed construction, the Court will defer ruling thereon to afford the parties an opportunity to further develop the record.

may be performed either before or after the catheter is introduced into the vein but before the energy is applied."

**IT IS SO ORDERED.**

Dated: October 23, 2009

MAXINE M. CHESNEY
United States District Judge