1 | Matthew B. Lehr (Bar No. 213139)
  | Suong T. Nguyen (Bar No. 237557)
2 | David J. Lisson (Bar No. 250994)
  | Chung G. Suh (Bar No. 244889)
3 | Jeremy Brodsky (Bar No. 257674)
  | DAVIS POLK & WARDWELL LLP
4 | 1600 El Camino Real
  | Menlo Park, California  94025
5 | Telephone:  (650) 752-2000
  | Facsimile:   (650) 752-2111
6 |
  | Attorneys for Plaintiff
7 | Tyco Healthcare Group LP
  | d/b/a VNUS Medical Technologies
8 |
  | (additional counsel on signature page)
9 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP d/b/a VNUS MEDICAL TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> BIOLITEC, INC., DORNIER MEDTECH AMERICA, INC., and NEW STAR LASERS, INC. d/b/a COOLTOUCH, INC., <br><br> Defendants. | LEAD CASE NO. C08-03129 MMC <br><br> CASE NO. C08-3129 MMC <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY** |
| TYCO HEALTHCARE GROUP LP d/b/a VNUS MEDICAL TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> TOTAL VEIN SOLUTIONS, LLC d/b/a TOTAL VEIN SYSTEMS, <br><br> Defendant. | CASE NO. C08-04234 MMC <br>(consolidated with Case No. C08-03129 MMC) |

STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY
CASE NOs. C08-03129 MMC & C08-04234 MMC

Plaintiff Tyco Healthcare Group LP d/b/a VNUS Medical Technologies and Defendants biolitec, Inc., Dornier MedTech America, Inc., New Star Lasers, Inc. d/b/a CoolTouch, Inc., and Total Vein Solutions, LLC d/b/a Total Vein Systems (each a "Party" and collectively the "Parties") anticipate that a number of experts will be preparing reports and testifying in this litigation. In order to efficiently manage expert discovery, the Parties agree as follows:

1. No drafts of expert reports prepared for this case need be produced.

2. Reasonably in advance of each expert's deposition, the expert will be required to produce to the opposing side copies of (or to the extent previously produced, identify by production Bates number range) all documents and information that were relied upon in preparing the expert's final report. The Parties' obligations under Fed. R. Civ. P. 26(a)(2)(B)(ii) shall extend only to data and information relied upon or, subject to paragraph 3 hereof, otherwise considered by the expert in forming the expert's opinions.

3. Discovery (from parties or expert witnesses) or questioning of expert witnesses in this or any other litigation shall not extend to the production of documents, oral examination, or any other form of inquiry concerning communications with such expert witnesses that both:

    (a) occurred during the pendency of, and for purposes of, the above-captioned case; and

    (b) were made to, from, at the request of, or in the presence of an attorney for the Party expecting to call the person as an expert witness,

unless the expert relies on the communication as part of the basis for his or her expert testimony. For purposes of this Stipulation, "presence" includes physical proximity, inclusion on a telephone call, and inclusion on the distribution list of a written communication. Nothing in this Stipulation and Order shall be construed to limit the discovery or examination of expert witnesses concerning compensation received by such expert witness for his or her testimony in this case and prior or concurrent cases involving any of the Parties, if any, including but not limited to disclosures required by Fed. R. Civ. P. 26(a)(2)(B)(vi).

4. Nothing in this Stipulation and Order shall be construed to limit the discovery or examination of expert witnesses concerning documents or other information relied on by the expert

as a basis for his or her final opinions in this case.

     5.     Nothing in this Stipulation and Order prohibits the parties from seeking the full range of discovery permitted by law into opinions, reports, deposition or trial testimony, drafts, notes, or communications related to any expert's participation in cases (prior or concurrent) other than this one. Nor shall anything in this Stipulation and Order be construed to limit the parties' ability to object to or seek a protective order relating to any discovery into opinions, reports, deposition or trial testimony, drafts, notes, or communications related to any expert's participation in cases (prior or concurrent) other than this one.

     6.     Until such time as this Stipulation and Order has been signed by the Court, the Parties agree that upon execution by all Parties, it will be treated as though it had been ordered by the Court.

The Parties' assent to the entry of the foregoing Stipulation is hereby given by the Parties by and through their attorneys.

Dated: November 20, 2009     Respectfully Submitted,

ATTORNEYS FOR PLAINTIFF
TYCO HEALTHCARE GROUP LP d/b/a
VNUS MEDICAL TECHNOLOGIES

By:  /s/ David J. Lisson
Matthew B. Lehr (Bar No. 213139)
Diem-Suong T. Nguyen (Bar No. 237557)
David J. Lisson (Bar No. 250994)
Chung G. Suh (Bar No. 244889)
Jeremy Brodsky (Bar No. 257674)

DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
(650) 752-2000/(650) 752-2111 (fax)
mlehr@dpw.com
nguyen@dpw.com
dlisson@dpw.com
gsuh@dpw.com
jbrodsky@dpw.com

| | | |
|---|---|---|
| 1 | Dated: November 20, 2009 | ATTORNEYS FOR DEFENDANT BIOLITEC, INC. |
| 2 | | |
| 3 | | By: /s/ Charles T. Steenburg |
| | | Michael A. Albert *(pro hac vice)* |
| 4 | | Michael N. Rader *(pro hac vice)* |
| | | Charles T. Steenburg *(pro hac vice)* |
| 5 | | WOLF, GREENFIELD & SACKS, P.C. |
| | | 600 Atlantic Avenue |
| 6 | | Boston, MA 02210 |
| | | (617) 646-8000/(617) 646-8646 |
| 7 | | malbert@wolfgreenfield.com |
| | | mrader@wolfgreenfield.com |
| 8 | | csteenburg@wolfgreenfield.com |
| 9 | Dated: November 20, 2009 | ATTORNEYS FOR DEFENDANT NEW STAR LASERS, INC. d/b/a COOLTOUCH, INC. |
| 10 | | |
| 11 | | By: /s/ James W. Geriak |
| | | James W. Geriak (Bar No. 32871) |
| 12 | | Allan W. Jansen (Bar No. 81992) |
| | | Mark Stirrat (Bar No. 229448) |
| 13 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | | 4 Park Plaza, Suite 1600 |
| 14 | | Irvine, CA 92614-2558 |
| 15 | | (949) 567-6700/(949) 567-6710 (fax) |
| | | jgeriak@orrick.com |
| 16 | | ajansen@orrick.com |
| | | mstirrat@orrick.com |
| 17 | Dated: November 20, 2009 | ATTORNEYS FOR DEFENDANT DORNIER MEDTECH AMERICA, INC. |
| 18 | | |
| 19 | | By: /s/ Richard W. Miller |
| 20 | | A. Shane Nichols *(pro hac vice)* |
| | | Richard W. Miller *(pro hac vice)* |
| 21 | | KING & SPALDING LLP |
| | | 1180 Peachtree Street, N.E. |
| 22 | | Atlanta, GA 30309-3521 |
| | | (404) 572-4600/(404) 572-5100 (fax) |
| 23 | | snichols@kslaw.com |
| | | rmiller@kslaw.com |

| | | |
|---|---|---|
| 1 | Dated: November 20, 2009 | ATTORNEYS FOR DEFENDANT TOTAL VEIN SOLUTIONS, LLC d/b/a TOTAL VEIN SYSTEMS |
| 2 | | |
| 3 | | By: /s/ Sean M. Sullivan |
| 4 | | John Karl Buche (Bar No. 239477) |
| | | Sean M. Sullivan (Bar No. 254372) |
| 5 | | BUCHE & ASSOCIATES, P.C. |
| | | 875 Prospect, Suite 305 |
| 6 | | La Jolla, CA 92037 |
| | | (858) 459-9111/(858) 459-9120 (fax) |
| 7 | | jbuche@buchelaw.com |
| | | ssullivan@buchelaw.com |

I hereby attest that I have on file written permission to sign this stipulation from all parties whose signatures are indicated by a "conformed" signature (/s/) within this e-filed document.

/s/ David J. Lisson
David J. Lisson

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 25, 2010 ~~, 2009~~

MAXINE M. CHESNEY
United States District Judge