1 | Matthew B. Lehr (Bar No. 213139)
Diem-Suong T. Nguyen (Bar No. 237557)
2 | David J. Lisson (Bar No. 250994)
Chung G. Suh (Bar No. 244889)
3 | Jeremy Brodsky (Bar No. 257674)
DAVIS POLK & WARDWELL LLP
4 | 1600 El Camino Real
Menlo Park, California 94025
5 | Telephone: (650) 752-2000
Facsimile: (650) 752-2111

Attorneys for Plaintiff Tyco Healthcare Group LP
d/b/a VNUS Medical Technologies

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP d/b/a VNUS MEDICAL TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> BIOLITEC, INC., DORNIER MEDTECH AMERICA, INC., and NEW STAR LASERS, INC. d/b/a COOLTOUCH, INC., <br><br> Defendants. | LEAD CASE NO. C08-03129 MMC <br><br> CASE NO. C08-03129 MMC <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE THE DECLARATIONS OF DR. ROBERT T. ANDREWS, DR. WARREN S. GRUNDFEST, AND TERRY A. FULLER IN FURTHER SUPPORT OF ITS OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** <br><br> **[CIVIL LOCAL RULE 7-3(d)]** |
| TYCO HEALTHCARE GROUP LP d/b/a VNUS MEDICAL TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> TOTAL VEIN SOLUTIONS, LLC d/b/a TOTAL VEIN SYSTEMS, <br><br> Defendant. | CASE NO. C08-04234 MMC (consolidated with Case No. C08-03129 MMC) |

PLAINTIFF'S MOTION FOR LEAVE TO FILE EXPERT DECLARATIONS
CASE NOS. C08-03129 MMC & C08-04234 MMC

1    Pursuant to Civil Local Rule 7-3(d), Plaintiff Tyco Healthcare Group LP d/b/a VNUS
2    Medical Technologies ("VNUS") respectfully moves for leave to file the declarations of Dr. Robert
3    T. Andrews ("Andrews Declaration"), Dr. Warren S. Grundfest ("Grundfest Declaration"), and
4    Terry A. Fuller ("Fuller Declaration") in further support of VNUS's oppositions to Defendants'
5    motions for summary judgment (D.I. 202, 203, 206, and 207) in the forms attached hereto as
6    Exhibits A, B, and C.  These declarations from VNUS's experts do not contain any substantive
7    argument.  Rather, they are intended to affirm the opinions expressed in the expert reports that
8    VNUS cited in its opposition briefs, and thereby cure any purported deficiencies that Defendants
9    claim prevent admission of the reports for the purposes of summary judgment.

10   VNUS believes that these declarations are unnecessary and that Defendants' motions for
11   summary judgment must be denied irrespective of whether they are admitted.  First, there is ample
12   admissible evidence apart from the Andrews, Fuller, and Grundfest expert reports to create genuine
13   issues of material fact mandating denial of each motion, including significant deposition testimony
14   and documentary evidence.  Second, the Court has the discretion to consider the expert reports as
15   evidence without the need for the supporting declarations.  *See Single Chip Sys. Corp. v. Intermec*
16   *IP Corp.*, No. 04CV1517 JAH (CAB), 2006 U.S. Dist. LEXIS 96527, at *17-20 (S.D. Cal. Nov. 6,
17   2006); *Competitive Techs., Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863-64 (N.D. Cal. 2004).

18   In its Reply in Support of its Motion for Summary Judgment of Non-Infringement and in
19   the Alternative for Summary Adjudication Limiting Damages, however, biolitec argues that the
20   expert report of Dr. Andrews is inadmissible because it is unsworn.  *See* D.I. 223 at 4.  Therefore,
21   to the extent the Court deems it necessary to address any purported evidentiary defect of VNUS's
22   expert reports, VNUS hereby requests leave to file the Andrews, Grundfest, and Fuller
23   Declarations, which reaffirm under oath the opinions expressed in each expert's respective report.[1]
24   VNUS further requests that, upon filing of the declarations, the Court consider the excerpts of the

---

[1] The declarations affirm the opinions expressed in Exhibits 17, 18 and 41 to the Declaration of David J. Lisson in Support of Plaintiff's Oppositions to Defendants' Motions for Summary Judgment, dated July 9, 2010 (D.I. 208).  Exhibits 17 and 41, which were filed under seal, are not attached to the corresponding Grundfest and Andrews Declarations in order to avoid additional unnecessary filings under seal.  VNUS will resubmit these exhibits as attachments to the Andrews and Grundfest Declarations, however, should the Court deem resubmission necessary.

1

PLAINTIFF'S MOTION FOR LEAVE TO FILE EXPERT DECLARATIONS
CASE NOS. C08-03129 MMC & C08-04234 MMC

verified reports attached as Exhibits 17, 18 and 41 to the Declaration of David J. Lisson in Support of Plaintiff's Oppositions to Defendants' Motions for Summary Judgment, dated July 9, 2010 (D.I. 208), as admissible evidence supporting VNUS's oppositions to Defendants' motions for summary judgment.

Dated:    July 20, 2010          DAVIS POLK & WARDWELL LLP


By:              /s/ David J. Lisson

Matthew B. Lehr (Bar No. 213139)
Suong T. Nguyen (Bar No. 237557)
David J. Lisson (Bar No. 250994)
Chung G. Suh (Bar No. 244889)
Jeremy Brodsky (Bar No. 257674)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA  94025
(650) 752-2000 / (650) 752-2111 (fax)
mlehr@dpw.com
nguyen@dpw.com
dlisson@dpw.com
gsuh@dpw.com
jbrodsky@dpw.com

Attorneys for Plaintiff Tyco Healthcare Group LP d/b/a VNUS Medical Technologies