IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP d/b/a VNUS MEDICAL TECHNOLOGIES<br><br>      Plaintiff<br>  v.<br><br>BIOLITEC, INC., et al.,<br><br>      Defendants<br>_____/ | No. C-08-3129 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT ASSERTED '084 CLAIMS ARE OBVIOUS** |

      Before the Court is defendants' "Motion for Summary Judgment that the Asserted '084 Claims are Obvious," filed June 25, 2010. Plaintiff Tyco Healthcare Group LP has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

      Plaintiff alleges defendants have infringed the claims of U.S. Patent No. 6,258,084 ("'084 Patent"). By the instant motion, defendants argue they are entitled to summary judgment on their respective counterclaims that Claims 1, 2, 18, 19, 20, and 21 of the '084 Patent are obvious. In particular, defendants argue that said claims are obvious in light of an October 1997 abstract authored by K.S. Sagoo ("Sagoo Abstract") when read in conjunction with U.S. Patent No. 6,165,172 ("'172 Patent"). According to defendants, the Sagoo Abstract teaches the "compressing" and/or "exsanguinating" steps in Claims 1, 2,

---

[1] By a Clerk's notice filed July 22, 2010, the matter was taken under submission.

18, 19, 20, and 21,[2] while the specification of the '172 Patent teaches the remaining steps.

A patent claim is obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." See 35 U.S.C. § 103(a). "Whether the claimed subject matter would have been obvious at the time of invention to one of ordinary skill in the pertinent art is a question of law based on underlying facts." Trimed, Inc. v. Stryker Corp., 608 F.3d 1333, 1341 (Fed. Cir. 2010). "The relevant factual inquires include . . . (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations." Id. (internal quotation and citation omitted).

"Because patents are presumed valid, a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." Id. at 1340 (internal quotation and citation omitted); see, e.g., Knoll Pharmaceutical Co. v. Teva Pharmaceuticals USA, Inc., 367 F.3d 1381, 1384-85 (Fed. Cir. 2004) (reversing order granting summary judgment on issue of obviousness, where "evidence adduced did not establish undisputed facts to support . . . invalidity"). Specifically, summary judgment is appropriate only if the underlying facts are "not in material dispute, and the obviousness of the claim is apparent in light of [those facts]." See KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 427 (2007).

Here, construing the evidence in the light most favorable to plaintiff, the Court finds summary judgment is not appropriate. See Mazzari v. Rogan, 323 F.3d 1000, 1005 (Fed. Cir. 2003) (holding, where party seeks summary judgment on issue of obviousness, district

---

[2]The method set forth in Claim 1 includes the step of "injecting a tumescent fluid solution into selected tissue that is in contact with the treatment site to cause the tissue to become tumescent and compress the hollow anatomical structure at the treatment site to a compressed size." See '084 Patent, col. 17, ll. 63-67 (emphasis added). Claims 2, 18, 19, 20 and 21 include a similar compression step. Claims 2 and 19 also require the compression be sufficient "to exsanguinate blood from the hollow portion of the hollow anatomical structure at the treatment site." See '084 Patent, col. 18, ll. 5-9; id., col. 19, ll. 36-41.

court must "construe the facts in the light most favorable to the non-movant"). In particular, plaintiff has submitted evidence that, if credited by the trier of fact, would support a finding that a person skilled in the art would not understand the Sagoo Abstract to teach the "compressing" and/or "exsanguinating" steps disclosed in the '084 Patent. (See Sarkar Decl. ¶ 6; Lisson Decl. Ex. 17 at 47,[3] Ex. 62 at 22-23); Trimed, 608 F.3d at 1341 (holding "what a reference teaches" is a "question[ ] reserved for the finder of fact").

Further, even assuming the Sagoo Abstract teaches the "compressing" and/or "exsanguinating" steps, plaintiff has submitted evidence that, if credited by the trier of fact, would support a finding that persons skilled in the art would not had have a reason or motivation to combine the procedure set forth in the Sagoo Abstract with the method disclosed in the '172 Patent. (See Sarkar Decl. ¶¶ 7-9; Lisson Decl. Ex. 17 at 20, 41, 50, 52, Ex. 62 at 18-21, 28, Ex. 94); KSR, 550 U.S. at 418 (holding district court, when considering whether patent claim is obvious, must "determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue"); see also Princeton Biochemicals, Inc. v. Beckman Coulter, Inc., 411 F.3d 1332, 1337 (Fed. Cir. 2005) (holding that because inventions "typically are new combinations of existing principles or features," finding of obviousness requires evidence of "motivation to combine the elements already present in the prior art").

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 3, 2010

MAXINE M. CHESNEY
United States District Judge

---

[3]Exhibit 17 is an expert report prepared by Warren S. Grundfest, M.D. ("Dr. Grundfest") submitted in support of plaintiff's opposition. In a declaration filed after the completion of briefing, and under penalty of perjury, Dr. Grundfest "reaffirmed the opinions and bases for the opinions expressed in [his] report." (See Grundfest Decl. ¶¶ 1, 2.) Defendants' objection to the timeliness of the declaration is overruled. See Gache v. Town of Harrison, 813 F. Supp. 1037, 1052 (S.D.N.Y.1993) (affording party who filed unsworn expert reports to oppose motion for summary judgment leave to cure defect by filing declarations from experts after briefing was complete; finding defendant was not prejudiced by late-filed declarations because defendants "were already fully cognizant of the opinions of plaintiff's experts").