Matthew B. Lehr (Bar No. 213139)
Suong T. Nguyen (Bar No. 237557)
David J. Lisson (Bar No. 250994)
Chung G. Suh (Bar No. 244889)
Jeremy Brodsky (Bar No. 257674)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California  94025
Telephone:  (650) 752-2000
Facsimile:   (650) 752-2111

Attorneys for Plaintiff
Tyco Healthcare Group LP d/b/a
VNUS Medical Technologies

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP d/b/a VNUS MEDICAL TECHNOLOGIES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIOLITEC, INC. and NEW STAR LASERS, INC. d/b/a COOLTOUCH, INC.,<br><br>　　　　　Defendants. | LEAD CASE NO. C08-03129 MMC<br><br>CASE NO. C08-03129 MMC<br><br>[~~PROPOSED~~] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL (D.I. 265)<br><br>[CIVIL L.R. 7-11, 79-5] |
| TYCO HEALTHCARE GROUP LP d/b/a VNUS MEDICAL TECHNOLOGIES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOTAL VEIN SOLUTIONS, LLC d/b/a TOTAL VEIN SYSTEMS,<br><br>　　　　　Defendant. | CASE NO. C08-04234 MMC<br>(consolidated with C08-3129 MMC) |

Before the Court is the Defendants' Motion for Administrative Relief to File Documents Under Seal dated August 30, 2010, by which Defendants seek leave to file under seal unredacted versions of certain documents submitted in support of a Motion in Limine (1) to Preclude VNUS from Introducing Settlement Agreements or Related Evidence; (2) to Preclude VNUS from Relying on Evidence Related to 510(k) Statements of Substantial Equivalence; (3) to preclude Reference to Defendants as a Group; (4) to Preclude VNUS from Referring to Unclaimed Functions of Tumescent Anesthesia; and (5) to Preclude Julie Davis from Testifying as to Impermissible Reply Opinions (collectively "Defendants' Motions in Limine").  Having reviewed the parties' submissions filed in support of the motion, the Court rules as follows:

1.  The motion is GRANTED in part, specifically, as to the following documents that plaintiff has shown contain material properly filed under seal (see Kertz Decl., filed September 2, 2010), each of which the requesting party is directed to file, ~~under seal:~~ no later than September 14, 2010, under seal:

- Exhibits 1 (bates-stamped pages VNUS_150328-29, VNUS_150331, VNUS_150336, VNUS_150338-41, VNUS_150348), 5, 6 (pages 27, 30, 34-35, 45, 55) 10, 13, 15 (pages 7-10), 19 (bates-stamped pages VNUS_144136-140), 20, 28, and 29 (pages 13, 15-16, 28) to the Declaration of Charles T. Steenburg in Support of Defendants' Motions in Limine Numbers 1 through 6

- Redacted pages 2 (lns. 11-13, 16, 24-26, 29), 3 (lns. 1-4, 9-10, 27), and 6 (ln. 15) of Defendants' Motion in Limine No. 1, filed on August 30, 2010

- Redacted page 3 (lns. 1-9) of Defendants' Motion in Limine No. 3, filed on August 30, 2010

- Redacted page 2 (lns. 1-5, 25-28) of Defendants' Motion in Limine No. 4, filed on August 30, 2010

2.  The motion is DENIED in part, specifically, as to the following documents, in light of plaintiff's having withdrawn its prior designation of confidentiality, each of which the requesting party is directed to file in the public record no later than ~~five calendar days from the date of this order:~~ September 14, 2010:

- Exhibits 8, 9, 18, and 27 to the Declaration of Charles T. Steenburg in Support of Defendants' Motions in Limine Numbers 1 through 6

- Designated portions of Defendants' Motions in Limine not identified above, and any portion of Exhibits 1, 6, 15, 19, and 29 not identified above.

3. The motion is DENIED in part, specifically, as to Exhibit 12, in light of Dornier Medtech America, Inc.'s having not filed a responsive declaration. See Civil Local Rule 79-5(d). The requesting party shall file said exhibit in the public record no later than September 14, 2010.

IT IS SO ORDERED.

Dated: _September 10_ 2010

_____
HON. MAXINE M. CHESNEY
United States District Judge